IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLEN ALEXANDER PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-892-D |
| | ) | |
| BRYAN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening of the Complaint, Judge Purcell recommends a dismissal of this civil rights action brought under 42 U.S.C. § 1983, based on the pendency of a related state-court criminal case and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff has filed a timely objection [Doc. No. 14]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action to recover damages and equitable relief for alleged violations of his constitutional rights by an unlawful arrest (without probable cause) and an illegal search and seizure of evidence

from his residence by Oklahoma City police officers.[1]  Taking judicial notice of state court records, Judge Purcell finds that Plaintiff's arrest and conviction on related charges are the subject of an ongoing criminal case, *State v. Parks*, No. CF-2016-7670 (Okla. Cty., Okla.), currently pending before the Oklahoma Court of Criminal Appeals (No. F-2018-628), and that other conditions for the application of *Younger* abstention are met.  Judge Purcell thus recommends that the Court abstain from exercising jurisdiction over Plaintiff's action at this time, and dismiss it without prejudice to a future filing.

Plaintiff disagrees with Judge Purcell's findings and conclusion in only one respect.[2] Plaintiff states that he has asserted a claim of excessive force (based on tight handcuffing and abusive treatment by the arresting officers) that is not dependent on the outcome of his criminal case.  Plaintiff contends Count II of the Complaint, which alleges a use of excessive force in violation of the Fourth and Fourteenth Amendments (Compl. at 7), "must be allowed to independantly [sic] proceed at this current time against Bryan Jones [the arresting officer] and Jones' detective partner [who assisted in the arrest]."  *See* Pl.'s Obj., ¶ 3 (emphasis omitted).

---

[1] A claim alleging malicious prosecution by the arresting officer and the Oklahoma County district attorney's office is not stated in the body of the Complaint but is mentioned in attached papers and a motion to amend the Complaint [Doc. No. 6].  Plaintiff filed his § 1983 action using a required complaint form, but attached a handwritten complaint (with inconsistent enumeration of claims) and nine declarations and other materials spanning more than 80 pages.  Were the case to proceed, the Court would require Plaintiff to file a concise pleading that complies with Fed. R. Civ. P. 8(a).

[2] Although Plaintiff contends Judge Purcell overlooked a claim of malicious prosecution (*see supra* note 1), Plaintiff concedes this alleged error is "moot" because his criminal case "is still being litigated."  *See* Obj., ¶ 2.  The Court construes this as a concession that any malicious prosecution claim is barred by *Heck* (*see infra* note 3) or appropriate for abstention.

Upon *de novo* consideration of Judge Purcell's findings in light of Plaintiff's objection, the Court concurs in the conclusion that *Younger* abstention applies and that this action should be held in abeyance to permit a future filing, if appropriate, after the state criminal case against Plaintiff reaches a final disposition.[3] Although Plaintiff is correct that his criminal case may not resolve his excessive force claim, the question presented is whether the conditions for abstention are met. The *Younger* abstention doctrine requires federal courts to decline jurisdiction due to considerations of comity and federalism. *See Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) ("Once a court finds that the required conditions are present, abstention is mandatory."); *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met . . . ."); *see also Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (§ 1983 does not alter "the principles of equity, comity and federalism" that underlie *Younger* abstention).

Of the three prerequisites for *Younger* abstention, only the second one listed by Judge Purcell – that the state court provides an adequate forum to hear the federal claim – is implicated by Plaintiff's objection to a dismissal of his excessive force claim. The focus of this prong is "'whether [the] claims *could have been* raised in the pending state

---

[3] In addition to the applicability of *Younger* abstention, Plaintiff's wrongful arrest claim may also be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits a plaintiff from pursuing a § 1983 action that would necessarily imply the invalidity of a criminal conviction unless the conviction has been invalidated. *See Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (unpublished); *Bryner v. Utah*, 429 F. App'x 739, 744 (10th Cir. 2011) (unpublished); *Esquibel v. Williamson*, 421 F. App'x 813, 817 (10th Cir. 2010); *Johnson v. Pottawotomie Tribal Police Dep.'t*, 411 F. App'x 195, 198 (10th Cir. 2011) (unpublished).

proceedings.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)) (emphasis added in *Hart*); *accord Goings v. Sumner Cty. Dist. Atty's Office*, 571 F. App'x 634, 638 (10th Cir. 2014) (unpublished).[4] It is unclear whether Plaintiff has asserted his excessive force claim in the context of his criminal case, but it appears the substance of the claim could have been raised.

Liberally construing Plaintiff's *pro se* filings, he claims the arresting police officers lacked a factual or legal basis to arrest him on the criminal charges in his state case (aggravated assault and battery) and, instead, acted maliciously to cause harm. In support of his excessive force claim, Plaintiff alleges that the officers initially applied handcuffs in a painful manner to coerce him to make a statement and agree to interrogation. *See* Pl.'s Decl. A [Doc. No. 1-2] at 7; Decl. B [Doc. No. 1-3] at 5. He alleges that, after he was interviewed, the officers again applied the handcuffs to inflict pain for the sole purpose of "cruel and unusual excessive force punishment" and as "special punishment." Decl. A at 16-17. These allegations do not comport with the Fourth Amendment standard governing his excessive force claim. *See Pauly v. White*, 874 F.3d 1197, 1214-15 (10th Cir. 2017): *Havens v. Johnson*, 783 F.3d 776, 781 (10th Cir. 2015). However, Plaintiff is the master of his claim. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1192-93 (10th Cir. 2003); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The question presented in assessing the application of *Younger* abstention is not whether Plaintiff is likely to succeed on his constitutional claim in state court. "The

---

[4] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018), *pet. cert. filed*, No. 18-669 (Aug. 28, 2018) (citing *Moore*, 442 U.S. at 425) (emphasis in original). The Court finds that the premise of Plaintiff's claim could be presented in his state criminal proceeding and, thus, the prerequisites for *Younger* abstention are satisfied.

The Court further finds, however, that under the circumstances – where Plaintiff seeks damages that are unavailable in the state court case – the proper disposition of the federal action is a stay rather than dismissal. *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final."); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (unpublished) ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should stay federal proceedings on the damage claims, not dismiss the action altogether."). Therefore, the Court will stay this case and administratively close it until the state court criminal proceeding reaches a final conclusion.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED in substantial part, as set forth herein. This action is STAYED pending the final conclusion of Plaintiff's state-court criminal proceeding. An appropriate Administrative Closing Order shall be entered.

**IT IS SO ORDERED** this 15th day of January 2019.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE